IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DEIAOKIKI JACKSON, | Civil Action No.: 3:22-cv-03838-JFA-SVH |
| Plaintiff, | |
| vs. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |
| HAILE GOLD MINE, INC., d/b/a OCEANA GOLD HAILE GOLDMINE., | |
| Defendant. | |

The Plaintiff above named, complaining of the acts of the above-named Defendant, states as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff, Deiaokiki Jackson ("Plaintiff"), is a resident and citizen of the County of Lancaster, State of South Carolina.

2.    Upon information and belief, the Defendant Haile Gold Mine, Inc. ("Defendant") is a Delaware corporation doing business and maintaining offices and agents in the County of Kershaw, State of South Carolina.

3.    This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII"); 42 U.S.C. §1981; 29 U.S.C. § 2601 (the Family and Medical Leave Act of 1993, or the "FMLA"); 29 U.S.C. § 12101, *et. seq.* (the Americans with Disabilities Act of 1990, or the "ADA"); and, 110 P.L. 325, 122 Stat. 3553 (the ADA Amendments Act of 2008, or the "ADAAA").

4.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5.    Venue for all causes of action stated herein lies in the District of South Carolina, Columbia Division pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in the district, Defendant does business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

6.    At all times relevant, Defendant was, and is currently, an employer subject to the FMLA, the ADA, ADAAA and Title VII.

7.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging discrimination based upon color, race, and disability. Plaintiff's charge of discrimination also included an allegation of retaliation.

8.    On or about August 9, 2022, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

9.    That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above.

10.    Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

11.    Plaintiff is a black American and suffers from a disability.

12.    In or about March, 2018, Plaintiff began her full-time employment with Defendant as an accountant. The accountant position is considered a "level 1 administration" pay level.

13.    As an accountant, Plaintiff's direct supervisor was Kalenb Muteb ("Muteb").

14.    Throughout her employment with Defendant as an accountant, Plaintiff met her employer's reasonable expectations.

15.     In or about February 2021, Plaintiff was promoted to the position of "buyer."

16.     The buyer position is considered a "level 2 administration" pay level and is full level pay increase from the accountant position. Plaintiff's promotion to the buyer position included a pay increase.

17.     As a buyer, Plaintiff's direct supervisor was Britt Wells ("Wells").

18.     Throughout her employment with Defendant as a buyer, Plaintiff met her employer's reasonable expectations.

19.     As a buyer, Plaintiff was told she would not have to relocate to another office and could remain in the office she had as an accountant.

20.     In April 2021, Plaintiff reported to Wells that she had not been paid in her new role as a buyer and was still being paid as an accountant at the "level 1 administration" pay level.

21.     Throughout her employment with Defendant, Plaintiff was never paid the wages due to her as a buyer.

22.     In April 2021, Plaintiff reported to her supervisors and Defendant's human resources department that she was being subjected to discrimination based on her race and disability.

23.     Subsequent to her complaints of discrimination, Plaintiff was told in April 2021 she would have to move out of her office and was placed in an office with Ken Muennich (Muennich").

24.     When Plaintiff was forced to share an office with Muennich, she was subject to constant verbal attacks and intimidating actions by Muennich. By way of example, Muennich would constantly yell, swear, and throw items in shared office.

25.     Plaintiff reported Muennich's actions to Wells. However, Wells did not address or otherwise attempt to correct Muennich's actions. Instead, Wells ignored Plaintiff's complaint and told Plaintiff "[t]hat's Just how he [Muennich] is."

26.     Plaintiff again reported Muennich's actions to Defendant's human resources department and her complaints were not investigated or otherwise addressed.

27.     In or about 2010, Plaintiff was diagnosed with high blood pressure and hypertension. When Plaintiff's blood pressure becomes uncontrolled, her condition substantially limits one or more major life activities and major bodily functions. These activities and functions include, but are not limited to, working.

28.     Plaintiff suffers from a disability under the ADA.

29.     While Plaintiff was employed with Defendant, Defendant knew Plaintiff suffered from a disability and regarded Plaintiff as having a disability.

30.     In or about February 2021, Plaintiff's blood pressure became uncontrolled and she began seeking medical treatment to address the issue.

31.     Plaintiff informed Defendant she suffered from a disability and requested reasonable accommodations including, but not limited to, a request to work from home.

32.     Between February 2021 and September 2022, Plaintiff requested she be allowed to work from home as an accommodation for her disability.

33.     Defendant denied Plaintiff's request but allowed other employees, including other buyers, to work from home.

34.     In or about July 2021, Plaintiff applied for coverage under the FMLA through the process required by Defendant. Plaintiff followed Defendant's usual and customary requirements for requesting leave.

35.     On or about July 28, 2021, Defendant approved Plaintiff's request for FMLA leave.

36.     In or about September 2022, Defendant falsely accused Plaintiff violated its policies by running her own business. Plaintiff informed Defendant she does not own a business and does not work for any other employer.

37.     On or about October 1, 2022, while still on FMLA leave, Defendant terminated Plaintiff's employment.

## FOR A FIRST CAUSE OF ACTION
## FMLA INTERFERENCE

38.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

39.     Plaintiff, as an employee of Defendant, was eligible for leave under the FMLA.

40.     Defendant was, and remains, an employer as defined under the FMLA.

41.     Plaintiff was entitled to FMLA leave.

42.     Defendant, directly, and through its employees, effectively denied Plaintiff's FMLA leave by terminating her employment.

43.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

44.     That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant.

FOR A SECOND CAUSE OF ACTION:
RETALIATION IN VIOLATION OF THE FMLA

45.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

46.    Defendant, directly, and through its employees, terminated Plaintiff's employment because she applied for and was granted FMLA leave.

47.    Subsequent to and in retaliation for Plaintiff filing for FMLA leave, Defendant terminated Plaintiff's employment.

48.    That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

49.    Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

FOR A THIRD CAUSE OF ACTION:
FAILURE TO ACCOMMODATE
IN VIOLATION OF THE ADA

50.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

51.    While employed with Defendant, Plaintiff was an individual with a disability as defined in the ADAAA in that she had a physical impairment that substantially limited one or more major life activities, or her employer regarded Plaintiff as having such an impairment.

52.     Defendant had notice of Plaintiff's disability. Specifically, Plaintiff supplied Defendant with a note from her doctor describing her limitations due to her physical disability.

53.     Plaintiff requested a reasonable accommodation and could perform the essential functions of her position if granted the requested accommodation.

54.     Defendant refused to grant Plaintiff's request for a reasonable accommodation in violation of the ADA.

55.     As a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

FOR A FOURTH CAUSE OF ACTION:
HOSTILE WORK ENVIRONMENT
IN VIOLATION OF THE ADA

56.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

57.     As a result of requesting an accommodation under the ADA, Defendant relocated Plaintiff's office, placed her in a shared office with Muennich, and allowed Muennich to make the working environment hostile by failing to discipline or address his behavior that included yelling, swearing, throwing items, and other acts to intimidate Plaintiff.

58.     Plaintiff, on numerous occasions, was subject to the above-mentioned harassment and hostile work environment and Defendant was on notice that the conduct was occurring.

59.     Plaintiff was subjected to the above-mentioned harassment and hostile work environment because she requested an accommodation, an activity protected by the ADA.

60.     Despite being notified of the harassing conduct, Defendant wholly failed to take prompt and effective remedial action to end the harassment and Defendant continued to harass Plaintiff.

61.     That the actions of Defendant in engaging in offensive verbal conduct, intimidation, and assault constitute a hostile work environment against Plaintiff in violation of the ADA.

62.     As a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

FOR A FIFTH CAUSE OF ACTION:
RETALIATION
IN VIOLATION OF THE ADA

63.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

64.     As a result of requesting an accommodation under the ADA, Defendant relocated Plaintiff's office, placed her in a shared office with Muennich, and allowed Muennich to make the working environment hostile by failing to discipline or address his behavior that included yelling, swearing, throwing items, and other acts to intimidate Plaintiff.

65.     Subsequent to and in retaliation for Plaintiff requesting an accommodation, Defendant created and allowed the work environment to be so hostile that no reasonable person could have continued to endure it.

66.    Plaintiff, on numerous occasions, was subject to the above-mentioned harassment and hostile work environment and Defendant was on notice that the conduct was occurring.

67.    Plaintiff was subjected to the above-mentioned harassment and hostile work environment because she requested an accommodation, an activity protected by the ADA.

68.    Despite being notified of the harassing conduct, Defendant wholly failed to take prompt and effective remedial action to end the harassment and Defendant continued to harass Plaintiff.

69.    That the actions of Defendant in engaging in offensive verbal conduct, intimidation, and assault constitute a hostile work environment against Plaintiff in violation of the ADA.

70.    Subsequent to and in retaliation for Plaintiff requesting an accommodation, Defendant created and allowed the work environment to be so hostile that no reasonable person could have continued to endure it.

71.    Subsequent to and in retaliation for Plaintiff requesting an accommodation, Defendant illegally terminated Plaintiff's employment.

72.    As a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

FOR A SIXTH CAUSE OF ACTION:
DISCRIMINATION
IN VIOLATION OF THE ADA

73.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

74.     Defendant had notice of Plaintiff's disability. Specifically, Plaintiff supplied Defendant with a note from her doctor describing her limitations due to her physical disability.

75.     Plaintiff requested a reasonable accommodation and could perform the essential function of her job with a reasonable accommodation.

76.     Defendant refused to make a reasonable accommodation in violation of the ADA.

77.     Defendant received notice her employment was being terminated on or about September 27, 2021.

78.     At the time of her discharge, Plaintiff was performing her job at a level that met her employer's legitimate expectations.

79.     Plaintiff's discharge occurred subsequent to her request for an accommodation and her request for time off for treatments related to her disability.

80.     As a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

<u>FOR A SEVENTH CAUSE OF ACTION:</u>
<u>VIOLATION OF TITLE VII</u>
<u>DISCRIMINATION BASED ON RACE/COLOR</u>

81.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

82.     Plaintiff is African-American.

83.     During her employment in the buyer position, Plaintiff's immediate supervisor was Britt Wells, a Caucasian-American.

84.     Plaintiff's supervisors intentionally failed to address Plaintiff's complaints regarding discrimination due to Plaintiff's race.

85.     Plaintiff was discriminated against and discharged because of her race in violation of Title VII.

86.     At the time Plaintiff was discharged from her employment, she was performing the functions of her employment in a matter which met her employer's expectations.

87.     As result of Defendant's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

88.     Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and she is entitled to recover punitive damages from the Defendant.

<u>FOR AN EIGHTH CAUSE OF ACTION</u>
<u>VIOLATION OF TITLE VII</u>
<u>RETALIATION</u>

89.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

90.    As alleged above, Plaintiff complained to Defendant's human resources department, and her immediate supervisor that she was being harassed and discriminated against based on her race and for making complaints about discrimination.

91.    That Plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

92.    As a result of making complaints about discrimination, Defendant relocated Plaintiff's office, placed her in a shared office with Muennich, and allowed Muennich to make the working environment hostile by failing to discipline or address his behavior that included yelling, swearing, throwing items, and other acts to intimidate Plaintiff.

93.    Subsequent to and in retaliation for Plaintiff making complaints, Plaintiff's supervisor and others employed by Defendant created and allowed the work environment to be so hostile that no reasonable person could have continued to endure it.

94.    That the actions of Defendant constitute retaliation against Plaintiff in violation of Title VII.

95.     Subsequent to and in retaliation for Plaintiff making complaints about race discrimination and retaliation, Defendant illegally terminated Plaintiff's employment.

96.    That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

FOR A NINTH CAUSE OF ACTION:
VIOLATION OF TITLE VII
HOSTILE WORK ENVIRONMENT

97.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

98.     As a result of making complaints about discrimination, Defendant relocated Plaintiff's office, placed her in a shared office with Muennich, and allowed Muennich to make the working environment hostile by failing to discipline or address his behavior that included yelling, swearing, throwing items, and other acts to intimidate Plaintiff.

99.     Defendant's actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

100.    Plaintiff, complained to her supervisor and Defendant's human resources department about the above-described discrimination, harassment, and hostile work environment.

101.    Despite being notified of the harassing conduct, Defendant failed to take prompt and effective remedial action to end the harassment and Defendant continued to harass Plaintiff.

102.    That the actions of Defendant constitute retaliation against Plaintiff and a hostile work environment in violation of Title VII.

103.    That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

FOR A TENTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RACE DISCRIMINATION

104.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

105.    Plaintiff's supervisor intentionally failed to address Plaintiff's complaints regarding race discrimination.

106.    At the time Plaintiff was discharged from her employment, she was performing the functions of her employment in a matter which met her employer's expectations.

107.    But for Plaintiff's race, Defendant would have properly investigated Plaintiff's complaints, would not have allowed the hostile environment to continue, and would not have terminated Plaintiff's employment.

108.    But for Plaintiff's race, Defendant would not have discriminated against Plaintiff.

109.    Plaintiff was discriminated against and discharged in violation of 42 U.S.C. 1981.

110.    As a result of Defendant's actions as individuals and in their official capacity, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

FOR AN ELEVENTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RETALIATION

111.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

112.   That as alleged above, Plaintiff complained to Defendant on several occasions that she was being harassed and discriminated against because of her race.

113.   That Plaintiff's complaints were made in good faith, and constitute protected activity under 42 U.S.C. 1981.

114.   Subsequent to and in retaliation for Plaintiff making complaints, Defendant created and allowed the work environment to be so hostile that no reasonable person could be expected to endure it.

115.   As a result of Defendant's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

<u>FOR A TWELFTH CAUSE OF ACTION:</u>
<u>VIOLATION OF 42 U.S.C. 1981</u>
<u>HOSTILE WORK ENVIRONMENT</u>

116.   Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

117.   As a result of making complaints about discrimination, Defendant relocated Plaintiff's office, placed her in a shared office with Muennich, and allowed Muennich to make the working environment hostile by failing to discipline or address his behavior that included yelling, swearing, throwing items, and other acts to intimidate Plaintiff.

118.   Defendant's conduct as described above was unwelcome.

119.   The hostile work environment described above was because of Plaintiff's race.

120.    Plaintiff was subject to additional harassment described above because of Plaintiff's race and because Plaintiff made complaints about race discrimination and retaliation.

121.    But for Plaintiff's race, Defendant would have properly investigated Plaintiff's complaints, would not have allowed the hostile environment to continue, and would not have terminated Plaintiff's employment.

122.    Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

123.    The hostile environment was sufficiently severe and pervasive to alter the conditions of her employment. Specifically, Defendant knew about, created, cultivated, and allowed the work environment to be so hostile that no person could be expected to endure it.

124.    That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

125.    Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

FOR A THIRTEENTH CAUSE OF ACTION
VIOLATION OF SOUTH CAROLINA PAYMENT OF WAGES ACT

126. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

127. When Plaintiff was promoted to the buyer position in February 2021, she was informed her pay would increase to that of a "level 2 administration" pay level.

128. Plaintiff worked as a buyer from February 2021, until her employment was separated in September 2022.

129. Defendant failed to remit payment of wages earned for work done by Plaintiff as required by the South Carolina Payment of Wages Act (the "Act").

130. The failure to pay wages is a violation of S.C. Code 41-10-40 and 41-10-50.

131. The amount of wages under the Act includes unpaid work done by Plaintiff and unused vacation, holiday, and other leave due to Plaintiff.

132. Based upon the foregoing failure to pay wages lawfully due, Plaintiff is entitled to judgment against Defendant for unpaid wages, treble damages, and attorneys' fees and costs pursuant to S.C. Code Ann. 41-10-80.

WHEREFORE, Plaintiff requests a jury trial for each cause of action and prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

GAFFNEYLEWIS LLC

s/*Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 875-1925  telephone
(803) 790-8841  facsimile
eferguson@gaffneylewis.com

*Attorney for Plaintiff*

November 3, 2022
Columbia, South Carolina